# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KRYSTAL WRIGHT**, on behalf of herself and others similarly situated, | : : : |
| Plaintiff, | : : |
| v. | : : : |
| **MAJESTIC CARE STAFF LLC,** c/o U-B Corporation 1660 West 2nd Street, Suite 1100 Cleveland, OH 44113 | : : : : : : |
| -and- | : : |
| **MAJESTIC CARE STAFF HOLDINGS LLC,** c/o CT Corporation System 334 North Senate Avenue Indianapolis, IN 46204 | : : : : : : |
| -and- | : : |
| **MAJESTIC CARE OHIO MANAGEMENT LLC,** c/o U-B Corporation 1660 West 2nd Street, Suite 1100 Cleveland, OH 44113 | : : : : : : |
| -and- | : : |
| **MAJESTIC CARE OHIO HG OPERATIONS HOLDINGS LLC,** c/o U-B Corporation 1660 West 2nd Street, Suite 1100 Cleveland, OH 44113 | : : : : : : |
| Defendants. | : : |

CASE NO. 2:21-cv-2129

JUDGE

MAGISTRATE JUDGE

**JURY DEMAND ENDORSED HEREON**

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Plaintiff Krystal Wright ("Named Plaintiff"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated, with her Complaint against Defendants Majestic Care Staff LLC ("Defendant Majestic Staff"), Majestic Care Staff Holdings LLC ("Defendant Majestic Staff Holdings"), Majestic Care Ohio Management LLC ("Defendant Majestic Ohio Management"), and Majestic Care Ohio HG Operations Holdings LLC ("Defendant Majestic Ohio Operations") (collectively "Defendants") for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"); and common law. Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.      JURISDICTION AND VENUE**

1.      This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II. THE PARTIES

### Plaintiffs

#### Named Plaintiff

4. Named Plaintiff is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

5. At all times relevant herein, Named Plaintiff was jointly employed by Defendants as an hourly, non-exempt Nursing Assistant from approximately 2018 to the present. During her employment, Named Plaintiff worked at Defendants' facility located at 4805 Langley Avenue, Whitehall, Ohio 43215.

6. Named Plaintiff brings this action on behalf of herself and those similarly situated, and she has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b).[1]

#### Current Opt-Ins

7. In addition to Named Plaintiff, numerous individuals from different facilities managed by Defendants have also signed consent forms to join this case. These individuals include Kelly Gilmartin (who worked at Defendants' facility in Crown Point, Indiana); Shana Redd (who worked at Defendants' facility in Connersville, Indiana); Teresa Joseph (who worked at

---

[1] Consent to be Party Plaintiff, attached hereto as **Exhibit A**.

Defendants' facility in Fort Wayne, Indiana named West Allen); Khadia Morgan (who worked at Defendants' facility in Middletown, Ohio); Rosi Martinez (who worked at Defendants' facility in Whitehall, Ohio); and Tieshica Hodge (who worked at Defendants' facility in Columbus, Ohio) (collectively referred to as the "Current Opt-In Plaintiffs"). Named Plaintiff also files the completed Consent to Join forms for the Current Opt-In Plaintiffs. *See* **Exhibit B**.

### Defendants

8. Defendant Majestic Staff is a foreign limited liability company.

9. Defendant Majestic Staff Holdings is a foreign limited liability company.

10. Defendant Majestic Ohio Management is a domestic limited liability company.

11. Defendant Majestic Ohio Operations is a domestic limited liability company.

12. Defendants provide community-based skilled nursing throughout the states of Indiana and Ohio, specializing in clinical services, such as short-term rehabilitation, long-term care, and memory care.[2]

13. Defendants own and operate at least fifteen (15) facilities to provide skilled nursing to their patients.[3]

14. Defendants operate these facilities under numerous different registered entities in the states of Ohio and Indiana, including, but not limited to the named entities; however, they all maintain interrelated operations, centralized control of labor relations, common management, common ownership, and common financial control.

---

[2] *See About Us*, MAJESTIC CARE, https://www.majesticcare.com/about-us/ (last visited Apr. 29, 2021).
[3] Defendant Majestic Entities has facilities in Avon, Indiana; Columbus, Ohio; Connersville, Indiana; Fort Wayne, Indiana; Fairfield, Ohio; Fairfield Assisted Living in Fairfield, Ohio; Jefferson Pointe in Fort Wayne, Indiana; Middletown, Ohio; Middletown Assisted Living in Middletown, Ohio; New Haven, Indiana; North Vernon, Indiana; Saint Anthony in Crown Point, Indiana; Sheridan, Indiana; West Allen in Fort Wayne, Indiana; and Whitehall, Ohio.

15. Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrate enterprise and/or they are joint employers because they jointly operate and provide healthcare services and maintain interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

16. Defendants have substantial control over Named Plaintiff's, Current Opt-In Plaintiffs', and similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

17. Defendants directly or indirectly control the terms and conditions of their employees' work.

18. Defendants maintained control, oversight, and direction over Named Plaintiff, Current Opt-In Plaintiffs, and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

19. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of their locations and under all of their entities, including both the named and unnamed entities and including policies, practices, and procedures relating to payment of overtime wages, timekeeping, and meal deductions.

20. Defendants are individually and collectively an "employer" of Named Plaintiff, Current Opt-In Plaintiffs, and similarly situated employees as that term is defined by the FLSA.

21. Defendants have gross revenue that exceeds $500,000.00 per year.

22. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with wage and overtime laws.

### III. STATEMENT OF FACTS

23. Defendants employed Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees as hourly, non-exempt employees.

24. Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees worked, or they were scheduled to work, more than forty (40) hours in one or more workweeks.

25. During their employment with Defendants, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees were not fully and properly paid for all overtime wages because Defendants applied a 30-minute meal break deduction to their compensable hours worked even when Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees were unable to take a full, uninterrupted 30-minute meal break.

26. Specifically, Defendants required the deduction of a daily 30-minute meal break from the compensable hours worked by Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees.

27. Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees were required to clock in and out for meal breaks. However, their meal breaks were regularly interrupted by work even when they were clocked out for lunch. Moreover, if Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees did not clock out for a meal break, Defendants still deducted a daily meal break from their employees' time.

28. Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees were often unable to take a meal break, took a shortened meal break, or had their meal break interrupted with job duties.

29. Defendants' facilities were regularly understaffed and Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees were too busy with work to regularly take a full, 30-minute uninterrupted meal break.

30. Defendants did not maintain a legitimate policy and/or practice that allowed Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees to report a missed meal break to Defendants to override the meal break deduction.

31. Consequently, a daily 30-minute meal break was deducted from healthcare employees' hours worked regardless of whether Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees actually received an uninterrupted 30-minute meal break.

32. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws.

33. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein.

34. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages or they otherwise failed to maintain such documents and information.

35. For the three (3) years preceding the filing of this Complaint, Defendants applied the same pay policies and practices to all similarly situated hourly, non-exempt healthcare employees, including Named Plaintiff and the Current Opt-In Plaintiffs.

36. Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and/or practices described herein.

37. Defendants knew or should have been aware that Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated healthcare employees had a 30-minute meal deduction applied to their daily hours worked when they were unable to take a meal break, took a shortened meal break, and/or had their meal break interrupted with job duties.

38. As a result of Defendants' aforementioned meal break policies and/or practices, Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees were not paid one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek.

39. Further, Defendants knew or should have been aware that Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their regular rates of pay, as that phrase is defined under the FLSA, but Defendants willfully elected not to fully compensate their employees during all times relevant.

## IV. COLLECTIVE ACTION ALLEGATIONS

40. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> All current and former hourly, non-exempt employees of Defendants who worked at least forty (40) hours in any workweek and had a meal deduction taken from their compensable hours worked, beginning three (3) years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").

41. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

42. In addition to Named Plaintiff and the Current Opt-In Plaintiffs, the putative FLSA Collective Members have been denied proper overtime compensation due to company-wide unlawful payroll policies and practices described herein. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff, Current Opt-In Plaintiffs, and the putative FLSA Collective Members overtime at a rate of at least one-and-one-half times their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

43. The identities of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

44. The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA

Collective Members their overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members.

## V. RULE 23 ALLEGATIONS

45. Named Plaintiff brings her Ohio Acts claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other similarly situated of the following class, consisting of:

> All Ohio current and former hourly, non-exempt employees of Defendants who worked at least forty (40) hours in any workweek and had a meal deduction taken from their compensable hours worked, beginning two (2) years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").

46. During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members[4] worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times their correct regular rates of pay, as that phrase is defined under the FLSA, for all hours worked in excess of forty (40) because of Defendants' policies and/or practices of requiring a meal break deduction to be taken even if employees do not receive an uninterrupted meal break.

47. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

48. Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

49. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

---

[4] This term includes all Current Opt-In Plaintiffs who worked in Ohio.

50. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class whom she has undertaken to represent.

51. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

52. Questions of law and fact are common to the Ohio Rule 23 Class.

53. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

54. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

55. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

56. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) per workweek because of the meal break deductions; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage

Act; and (d) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or not paid to them.

57. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.  CAUSES OF ACTION

### COUNT I
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

58. All of the preceding paragraphs are realleged as if fully rewritten herein.

59. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

60. During the relevant time period, Defendants employed Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members.

61. Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

62. Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members worked in excess of forty (40) hours in one or more workweeks during all times relevant.

63. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

64. The FLSA requires that non-exempt employees receive overtime compensation of one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

65. Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

66. Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members should have been paid overtime premium for all hours worked in excess of forty (40) hours per workweek during the three (3) years from the filing date of the original Complaint.

67. Defendants violated the FLSA with respect to Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members by, *inter alia*, taking a meal break deduction even when their employees did not receive an uninterrupted meal break and thus failing to fully compensate them overtime for hours worked over forty (40) in workweeks.

68. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members are entitled.

69. The exact total amount of overtime compensation that Defendants failed to pay Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

70. As a direct and proximate result of Defendants' conduct, Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members have suffered and continue to suffer damages.

Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself, Current Opt-In Plaintiffs, and the FLSA Collective Members.

## COUNT II
## R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

73. The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

74. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

75. The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not paid overtime for all hours worked over forty (40) in a workweek for workweeks wherein they had a meal deduction taken even though they did not take an uninterrupted meal break.

76. Defendants' company-wide corporate policies and/or practices described herein resulted in unpaid overtime wages for Named Plaintiff and Ohio Rule 23 Class.

77. The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

78. Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them at one-and-one-half times their correct regular rates for hours worked over forty (40) in a workweek because of Defendants' meal deduction policy and/or practice as described herein.

79. Defendants' repeated and knowing failure to pay overtime wages to Named Plaintiff and those similarly situated Ohioans constitutes violations of R.C. § 4111.03, and, as such, Defendants acted willfully.

80. For Defendants' violations of R.C. § 4111.03, by which Named Plaintiff and those similarly situated Ohio employees have suffered and continue to suffer damages, Named Plaintiff and those similarly situated Ohio employees seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
## R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants.

83. During relevant times, Defendants were entities covered by the OPPA, and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

84. The OPPA requires Defendants to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, in accordance with R.C. § 4113.15(A).

85. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

86. Named Plaintiff's and the Ohio Rule 23 Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

87. Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

88. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Finding that Defendants failed to keep accurate records, and, as such, Named Plaintiff, Current Opt-In Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff, Current Opt-In Plaintiffs, and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G. Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

H. Awarding Named Plaintiff, Current Opt-In Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I. Awarding Named Plaintiff, Current Opt-In Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

J. Issuing an injunction prohibiting Defendants from engaging in present, ongoing, and future violations of the FLSA and the Ohio Wage Act;

K. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

L. Rendering a judgment against Defendants for all damages, relief, or any other recovery whatsoever;

M. Directing Defendants to pay reasonable attorneys' fees and all costs connected with this action; and

N. Granting such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
    agedling@mcoffmanlegal.com
    khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman